ELECTRONICALLY FILED
Mississippi County Circuit Court in Blytheville District
Leslie Mason, Circuit Clerk
2025-Mar-25 09:40:23
47BCV-24-498
C02D05 : 9 Pages

# IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CIVIL DIVISION
## CHICKASAWBA DISTRICT

**NATASHA KING, on behalf of MINOR MH**           **PLAINTIFF**

**V.**      **CASE NO. 47BCV-24-498 (SM)**

**ANDREW WYLES, in his individual and
official capacity as Chief of Police for
the City of Gosnell; STEVEN MILLIGAN,
in in his individual and official capacity as
Principal of Gosnell School District; and
GOSNELL SCHOOL DISTRICT**           **DEFENDANTS**

## ANSWER TO COMPLAINT

Comes now Separate Defendant, Andrew Wyles, in his official capacity only[1], ("the City"), by and through its attorney, Jenna Adams, and for its Answer, states:

### I. INTRODUCTION

1. The City acknowledges that Plaintiff is bringing causes of action under the United States Constitution, Arkansas Constitution, and Arkansas state law for claims of excessive force, failure to train and malicious prosecution. The City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.

2. The City admits that on March 14, 2023, Defendant Wyles used a Taser in the drive stun mode on MH. The City denies that Defendant Wyles was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. The City denies the remaining

---

[1]Claims against individuals in their official capacities are equivalent to claims against the entity in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Upon information and belief, Andrew Wyles has not yet been served in his individual capacity.

EXHIBIT B

allegations contained in Paragraph 2 of Plaintiff's Complaint due to its complete denial of any and all wrongdoing alleged.

3. The City denies the allegations contained in Paragraph 3 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

4. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, therefore, it is denied.

## II. JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged. The City is removing this case to federal court as jurisdiction and venue is proper there.

6. Paragraph 6 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged. The City is removing this case to federal court as jurisdiction and venue is proper there.

## III. PARTIES

7. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, therefore, it is denied.

8. The City acknowledges that Andrew Wyles is being sued in his individual and official capacities. The City denies that Defendant Wyles was Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. The City denies that Plaintiff

has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.

9. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, therefore, it is denied.

10. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore, it is denied.

## IV. FACTUAL ALLEGATIONS

11. The City affirmatively states that on March 14, 2023, MH and AA were involved in a physical altercation. The City is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore, it is denied.

13. The City affirmatively states that Separate Defendant Andrew Wyles used his taser on MH in the drive-stun mode for approximately 2 seconds. The City denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint due to its complete denial of any and all wrongdoing alleged.

14. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

15. The City denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

3

16. The City affirmatively states that MH was charged with disorderly conduct. The City denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

17. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

18. The City denies that Defendant Wyles was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. The City denies that Defendant Wyles was the policymaker for the City of Gosnell. The City is without knowledge or information to admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

19. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, therefore, it is denied.

20. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore, it is denied.

## V. CLAIM FOR RELIEF

### Count I – Violation of the Fourth Amendment (Excessive Force) under 42 U.S.C. § 1983

21. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

22. The City denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

23. Paragraph 23 of Plaintiff's Complaint contains legal conclusions, thus, no response is necessary. To the extent a response is deemed necessary, the City denies each and every

averment contained in paragraph 23 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

24. The City denies the allegations contained in Paragraph 24 of Plaintiff's Complaint due to its complete denial of any and all wrongdoing alleged.

### Count II – Violation of the Fourth Amendment
### (Unlawful Seizure and Malicious Prosecution) under 42 U.S.C. § 1983

25. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

26. The City affirmatively states that the incident occurred on March 14, 2023 and that MH was charged with disorderly conduct. The City further denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

27. The City denies the allegations contained in Paragraph 27 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

28. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

29. The City denies the allegations contained in Paragraph 29 of Plaintiff's Complaint due to its complete denial of any and all wrongdoing alleged.

### Count III – Violation of the Fourteenth Amendment (Due Process)
### under 42 U.S.C. § 1983

30. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

31. The City denies the allegations contained in Paragraph 31 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions, thus, no response is necessary. To the extent a response is deemed necessary, the City denies each and every averment contained in paragraph 32 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

### Count IV – Failure to Train under 42 U.S.C. § 1983
### (Against Defendant Wyles and Gosnell School District)

33. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

34. The City denies that Defendant Wyles was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. The City denies that Defendant Wyles is the policymaker for the City of Gosnell.

35. The City is without knowledge or information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint, therefore, it is denied.

36. The City denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

37. The City denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

### Count V – State Law Claim: Assault and Battery

38. The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

39. The City denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

40. The City denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

## JURY DEMANDED

41. Plaintiff's request for a trial by jury speaks for itself. The City requests a trial by jury as to all issues remaining at that time.

42. The City denies that the Plaintiff is entitled to the relief requested in her WHEREFORE Paragraph, including subparagraphs (A) – (E), of her Complaint.

43. The City denies each and every allegation not specifically admitted herein.

44. The City reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE DEFENSES

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2. The City is entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including, but not limited to, Ark. Code Ann. § 21-9-301.

3. The City asserts that Plaintiff's rights were not violated.

4. Plaintiff lacks standing to sue on behalf of MH and is not the real-party-in-interest under Fed. R. Civ. P. 17.

5. The City asserts that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of Gosnell.

6. There has been no failure to train or supervise by the City.

7. The City asserts any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including but not limited to justification and privilege.

8. The City asserts that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

9. The City asserts that the officer used only such force as was reasonably necessary under the circumstances presented.

10. Punitive damages are not recoverable against a municipality as a matter of law.

11. The City specifically reserves the right to amend or supplement this pleading or plead further as defenses become apparent or available during the course of litigation.

WHEREFORE, the City prays that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**SEPARATE CITY DEFENDANT**

By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR 72115
Telephone (501) 978-6115
Facsimile (501) 978-6558
Email jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on March 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the eFlex system which shall send notification to the following eFlex participants:

Luther Oneal Sutter
Lucien R. Gillham
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
lucien.gillham@gmail.com

/s/ Jenna Adams
Jenna Adams