**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**NATASHA KING, on behalf of MINOR MH**                                    **PLAINTIFF**

V.                                    **CASE NO. 3:25-cv-00060-DPM**

**ANDREW WYLES, in his individual and**
**official capacity as Chief of Police for**
**the City of Gosnell; STEVEN MILLIGAN,**
**in in his individual and official capacity as**
**Principal of Gosnell School District; and**
**GOSNELL SCHOOL DISTRICT**                                                **DEFENDANTS**

## ANSWER TO COMPLAINT

Comes now Separate Defendant, Andrew Wyles, in his individual capacity only, ("Defendant Wyles"), by and through his attorney, Jenna Adams, and for his Answer, states:

## I. INTRODUCTION

1.  Defendant Wyles acknowledges that Plaintiff is bringing causes of action under the United States Constitution, Arkansas Constitution, and Arkansas state law for claims of excessive force, failure to train and malicious prosecution. Defendant Wyles denies that Plaintiff has a viable cause of action for any alleged claims due to his full and complete denial of any and all wrongdoing alleged.

2.  Defendant Wyles admits that on March 14, 2023, he used a Taser in the drive stun mode on MH. Defendant Wyles denies that he was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. Defendant Wyles denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint due to his complete denial of any and all wrongdoing alleged.

3.  Defendant Wyles denies the allegations contained in Paragraph 3 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

4. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, therefore, it is denied.

## II. JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, Defendant Wyles denies that Plaintiff has a viable cause of action for any alleged claims due to his full and complete denial of any and all wrongdoing alleged.

6. Paragraph 6 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, Defendant Wyles denies that Plaintiff has a viable cause of action for any alleged claims due to his full and complete denial of any and all wrongdoing alleged.

## III. PARTIES

7. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, therefore, it is denied.

8. Defendant Wyles acknowledges that he is being sued in his individual and official capacities. Defendant Wyles denies that he was Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. Defendant Wyles denies that Plaintiff has a viable cause of action for any alleged claims due to his full and complete denial of any and all wrongdoing alleged.

9. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, therefore, it is denied.

10. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore, it is denied.

## IV. FACTUAL ALLEGATIONS

11. Defendant Wyles affirmatively states that on March 14, 2023, MH and AA were involved in a physical altercation. Defendant Wyles is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore, it is denied.

13. Defendant Wyles affirmatively states that he used his taser on MH in the drive-stun mode for approximately 2 seconds. Defendant Wyles denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint due to his complete denial of any and all wrongdoing alleged.

14. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, therefore, it is denied. Defendant Wyles specifically denies any and all wrongdoing alleged.

15. Defendant Wyles denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

16. Defendant Wyles affirmatively states that MH was charged with disorderly conduct. Defendant Wyles denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

17. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, therefore, it is denied. Defendant Wyles specifically denies any and all wrongdoing alleged.

18. Defendant Wyles denies that he was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. Defendant Wyles denies that he was the policymaker for the City of Gosnell. Defendant Wyles is without knowledge or information to admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint, therefore, it is denied. Defendant Wyles specifically denies any and all wrongdoing alleged.

19. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, therefore, it is denied.

20. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore, it is denied.

## V. CLAIM FOR RELIEF

### Count I – Violation of the Fourth Amendment (Excessive Force) under 42 U.S.C. § 1983

21. Defendant Wyles realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

22. Defendant Wyles denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

23. Paragraph 23 of Plaintiff's Complaint contains legal conclusions, thus, no response is necessary. To the extent a response is deemed necessary, Defendant Wyles denies each and every averment contained in paragraph 23 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

24. Defendant Wyles denies the allegations contained in Paragraph 24 of Plaintiff's Complaint due to his complete denial of any and all wrongdoing alleged.

### Count II – Violation of the Fourth Amendment (Unlawful Seizure and Malicious Prosecution) under 42 U.S.C. § 1983

25. Defendant Wyles realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

26. Defendant Wyles affirmatively states that the incident occurred on March 14, 2023 and that MH was charged with disorderly conduct. Defendant Wyles further denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

27. Defendant Wyles denies the allegations contained in Paragraph 27 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

28. Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, therefore, it is denied. Defendant Wyles specifically denies any and all wrongdoing alleged.

29. Defendant Wyles denies the allegations contained in Paragraph 29 of Plaintiff's Complaint due to his complete denial of any and all wrongdoing alleged.

### Count III – Violation of the Fourteenth Amendment (Due Process) under 42 U.S.C. § 1983

30. Defendant Wyles realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

31. Defendant Wyles denies the allegations contained in Paragraph 31 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions, thus, no response is necessary. To the extent a response is deemed necessary, Defendant Wyles denies each and every averment contained in paragraph 32 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

### Count IV – Failure to Train under 42 U.S.C. § 1983

**(Against Defendant Wyles and Gosnell School District)**

33.     Defendant Wyles realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

34.     Defendant Wyles denies that he was the Chief of Police for the City of Gosnell at the time of the incident alleged in Plaintiff's Complaint. Defendant Wyles denies that he is the policymaker for the City of Gosnell.

35.     Defendant Wyles is without knowledge or information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint, therefore, it is denied.

36.     Defendant Wyles denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

37.     Defendant Wyles denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

**Count V – State Law Claim: Assault and Battery**

38.     Defendant Wyles realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

39.     Defendant Wyles denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

40.     Defendant Wyles denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. Defendant Wyles specifically denies any and all wrongdoing alleged.

**JURY DEMANDED**

41.     Plaintiff's request for a trial by jury speaks for itself. Defendant Wyles requests a trial by jury as to all issues remaining at that time.

42. Defendant Wyles denies that the Plaintiff is entitled to the relief requested in her WHEREFORE Paragraph, including subparagraphs (A) – (E), of her Complaint.

43. Defendant Wyles denies each and every allegation not specifically admitted herein.

44. Defendant Wyles reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE DEFENSES

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2. Defendant Wyles is entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including, but not limited to, Ark. Code Ann. § 21-9-301.

3. Defendant Wyles asserts that Plaintiff's rights were not violated.

4. Plaintiff lacks standing to sue on behalf of MH and is not the real-party-in-interest under Fed. R. Civ. P. 17.

5. Defendant Wyles asserts that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of Gosnell.

6. There has been no failure to train or supervise by the City of Gosnell.

7. Defendant Wyles asserts any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including but not limited to justification and privilege.

8. Defendant Wyles asserts that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

9. Defendant Wyles asserts that he used only such force as was reasonably necessary under the circumstances presented.

10. Punitive damages are not recoverable against a municipality as a matter of law.

11. Defendant Wyles specifically reserves the right to amend or supplement this pleading or plead further as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendant Wyles prays that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

**SEPARATE DEFENDANT**
**ANDREW WYLES, individually**

By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR 72115
Telephone (501) 978-6115
Facsimile (501) 978-6558
Email jenadams@arml.org